IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| REBECCA NEGRETE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00062-O |
| | § | |
| QUIKTRIP CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is Defendant's Unopposed Motion to Enforce Mediated Settlement and for Sanctions or, Alternatively, for Leave to Deposit Settlement Funds into the Registry of the Court (ECF No. 29). After reviewing the briefing and supporting authority, and noting the lack of opposition to the motion, the Court **GRANTS in part** and **DENIES in part** the motion. Specifically, the Court **GRANTS** the unopposed request to enforce the parties' settlement agreement. However, the Court **DENIES** the request to impose sanctions.

"[A] district court has inherent power to recognize, encourage, and when necessary enforce settlement agreements reached by the parties." *Bell v. Schexnayder,* 36 F.3d 447, 449 (5th Cir.1994). "A federal court sitting in diversity applies the law of the forum state when deciding whether to enforce a settlement agreement." *Williamson v. Bank of N.Y. Mellon*, 947 F. Supp. 2d 704, 707 (N.D. Tex. 2013) (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 266 (5th Cir. 1995)). Because Texas is the forum state, Texas Rule of Civil Procedure 11 substantively controls. *Id.* at 707; *see also Condit Chem. & Grain Co., Inc. v. Helena Chem. Corp.,* 789 F.2d 1101, 1102–03 (5th Cir.1986) (applying Rule 11, even though nominally a procedural rule, because "[i]t is obvious from the nature of this Texas rule that it is a law of controlling substance").

Under Rule 11, a court may enforce a settlement agreement if it is in writing, signed, and filed with the papers as part of the record or otherwise entered on the record. *Id.* at 707–12 (citing TEX. R. CIV. P. 11); *see also Oliver v. The Kroger Co.*, 872 F. Supp. 1545, 1548–49 (N.D. Tex. 1994) (finding that filing of a settlement letter with the motion to enforce substantially complied with Rule 11). All Rule 11 requirements are met here. On November 28, 2023, Mediator Erika Berman memorialized in writing the terms of the parties' settlement agreement and stated that "[c]onfirmation of this email will constitute a Rule 11 agreement."[1] Plaintiff's counsel immediately confirmed his agreement in writing.[2] This confirmed Rule 11 agreement was also made part of the record due to its contemporaneous filing alongside Defendant's Motion.[3] Further, the settlement agreement contains all material terms that permit the Court to ascertain the parties' obligations.[4] *Cf. Cohen v. McCutchin*, 565 S.W.2d 230, 232 (Tex. 1978) ("[T]here must be a written memorandum which is complete within itself in every material detail, and which contains all of the essential elements of the agreement, so that the contract can be ascertained from the writings without resorting to oral testimony.").

**ACCORDINGLY, THE COURT FINDS AS FOLLOWS**:

- The parties settled the case at mediation on November 28, 2023, for $1,000, which was sufficiently memorialized in writing;

- The mediated settlement resolved this case between Plaintiff and Defendant;

- The mediated settlement expressly provided that the parties would enter into a more detailed Settlement Agreement and Release;

- Plaintiff has refused to sign the proposed Settlement Agreement and Release; and

- Defendant was required to file its Motion to Enforce Mediated Settlement and for Sanctions or, Alternatively, for Leave to Deposit Settlement Funds into the Registry

---

[1] Def.'s App'x in Support of Mot. to Enforce 2, ECF No. 31-1.
[2] *Id.* at 4.
[3] *Id.* at 2–60.
[4] *Id.* at 2.

of the Court, as a result of Plaintiff's refusal to execute the Settlement Agreement and Release.

**IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED** that Defendant's Unopposed Motion to Enforce Mediated Settlement and for Sanctions or, Alternatively, for Leave to Deposit Settlement Funds into the Registry of the Court (ECF No. 29) is **GRANTED** with respect to enforcement of the parties' settlement. However, the Court **DENIES** the request for monetary sanctions.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this case has been resolved, settled, and compromised for $1,000.00.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that all causes, claims, and allegations against QuikTrip Corporation in this case are **DISMISSED with prejudice** and this case is closed, each party to bear its own expenses. Separate final judgment shall issue.

**SO ORDERED** this **18th** day of **March, 2024**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE